IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. COWENS,

    Plaintiff,                                No. 2:08-cv-2779 JFM (PC)

    vs.

SACRAMENTO COUNTY JAIL
MENTAL HEALTH,

    Defendants.                        ORDER

          Plaintiff is a state prisoner on parole proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2  U.S.C. § 1915A(b)(1), (2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
13  Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.
14  41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain
15  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
16  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, id.
17  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the
18  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson
19  v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting
20  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
21  court must accept as true the allegations of the complaint in question, Erickson, id., and construe
22  the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
23  (1974).
24        Plaintiff names the "Sacramento County Jail Mental Health" as the sole defendant
25  herein. The Civil Rights Act under which this action was filed provides as follows:
26  /////

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements; "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991).

"The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration." Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "But not every breach of that duty is of constitutional proportions. In order to

1  violate the Eighth Amendment proscription against cruel and unusual punishment, there must be
2  a 'deliberate indifference to serious medical needs of prisoners.'" Lopez, 203 F.3d at 1131
3  (quoting Estelle, 429 U.S. at 104.)

4      A medical need is "serious" "if the failure to treat the prisoner's condition could
5  result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin,
6  at 1059 (quoting Estelle, 429 U.S. at 104). Examples of indications of a serious medical need
7  include "[t]he existence of an injury that a reasonable doctor or patient would find important and
8  worthy of comment or treatment; the presence of a medical condition that significantly affects an
9  individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974
10  F.2d at 1059-60.

11      Plaintiff must also allege facts that defendant responded to the serious medical
12  need with deliberate indifference. Deliberate indifference may be shown "when prison officials
13  deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in
14  which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir.
15  1988). Where the claim is based on a delay in treatment, "a prisoner can make 'no claim for
16  deliberate medical indifference unless the denial was harmful.'" McGuckin at 1060 (quoting
17  Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)(per
18  curiam)). The harm caused by the delay need not, however, be "substantial." McGuckin at 1060
19  (citing Wood v. Housewright, 900 F.2d 1332, 1339-40 (9th Cir. 1990); also citing Hudson v.
20  McMillian, 503 U.S. 1, 5-10).

21      Plaintiff will be granted leave to amend his complaint to name the specific mental
22  health employee or employees who plaintiff alleges were deliberately indifferent to his serious
23  medical needs.[1] In his amended complaint, plaintiff should also address the harm caused by the

---

[1] In his request for relief, plaintiff asks that all psychologists and psychiatrists be directed to pay out of their pockets for plaintiff's pain and mental stress. However, plaintiff may only name those individuals who were deliberately indifferent to plaintiff's serious medical needs.

4

alleged delay in treatment.

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

---

Mere negligence is insufficient for Eighth Amendment liability.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff's complaint is dismissed.

        3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

DATED: January 14, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; cowe2779.14

6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY W. COWENS, | | |
|     Plaintiff, | No. 2:08-cv-2779 JFM (PC) | |
| vs. | | |
| SACRAMENTO COUNTY JAIL MENTAL HEALTH, | <u>NOTICE OF AMENDMENT</u> | |
|     Defendants. | | |
| _____/ | | |

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____ Amended Complaint

DATED:

                                                                    Plaintiff